**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4339

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MOHAN OTHNIEL GREENWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, District Judge.  (1:05-cr-00294-TSE)

Submitted:  July 13, 2007            Decided:  August 2, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marvin D. Miller, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, James L. Trump, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohan Othniel Greenwood appeals his conviction and resulting sentence for possession with the intent to distribute one hundred kilograms or more of marijuana.  We affirm.


I.

On June 17, 2006, Det. D.C. DeCoster of the Fairfax, Virginia police department learned from the FBI that a Mayflower tractor-trailer believed to contain a large shipment of marijuana would be leaving a warehouse in Fredericksburg, Virginia, heading north on I-95 into Fairfax County.  The FBI asked Det. DeCoster to stop the truck if he observed a traffic violation.

In the early afternoon of June 17, Det. DeCoster spotted the tractor-trailer and followed it for several miles in Fairfax County.  The truck was proceeding slowly (25 m.p.h.) in heavy traffic when Det. DeCoster noticed that the front license plate was bent so that only a portion of it was displayed; Det. DeCoster could not see the date of the plate or the state that issued it.  Believing the obscured license plate violated Virginia law, the detective stopped the tractor-trailer.  Det. DeCoster questioned the driver and sole occupant of the truck, defendant Greenwood.  In the course of being questioned as to the purpose of his trip, Greenwood offered to let Det. DeCoster examine the trailer.  The detective declined at that time.  After less than 20 minutes,

2

another officer arrived with a police dog.  Det. DeCoster then gave Greenwood a warning ticket and told him he was free to go.  Just as Greenwood turned away, the detective asked him if the officers could search the tractor-trailer.  Greenwood said yes and handed Det. DeCoster his keys.  The police dog alerted at the rear of the trailer.  The officers then searched the trailer and subsequently discovered 76 bales of marijuana, with a total weight of approximately 1,750 pounds.

After the police arrested Greenwood, a federal grand jury indicted him for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (2006).  A jury convicted him of this charge and the district court sentenced him to 108 months' imprisonment, four years of supervised release, a $100 special assessment, and a $2500 fine.  Greenwood noted a timely appeal.

II.

On appeal, Greenwood raises four issues:  three challenges to his conviction and one to his sentence.

1.

First, Greenwood claims that the initial seizure of the tractor-trailer violated the Fourth Amendment and therefore his consent was "invalid."  For this reason, he maintains that the district court should have suppressed the marijuana seized from the vehicle.  This argument is meritless.

3

The district court concluded that Det. DeCoster had an objectively reasonable basis for the traffic stop of the tractor-trailer. The court considered the detective's testimony about the badly bent license plate, corroborated by a photograph of the front of the truck, and found the detective credible. We have no basis for concluding that this credibility finding constituted clear error. Greenwood maintains that since his license plate was issued by Missouri, it need not comply with Virginia law requiring "[e]very license plate" to be fastened as to be "clearly visible" and "clearly legible." Va. Code Ann. § 46.2-716 (2002). But, as the district court reasoned, § 46.2-716 does not restrict its operation solely to Virginia license plates. Even if § 46.2-716 does not apply to out-of-state license plates, at the very least, this long-standing statute provided an objectively reasonable basis for the stop. Moreover, since the asserted unlawfulness of the stop provides the sole basis for Greenwood's contention that his subsequent consent was "invalid," that contention also fails.[1]

2.

Greenwood next argues that the district court violated his Due Process rights by permitting police officers to testify that the substance seized was marijuana. We review evidentiary rulings for

---

[1]Greenwood also maintains that the transfer of the 1750 pounds of marijuana from state to federal law enforcement authorities violated the Fourth Amendment. Because Greenwood had no possessory interest in the contraband seized marijuana, that argument is also meritless.

4

abuse of discretion.  According to Greenwood, the district court abused its discretion in permitting police officers, who were not designated as experts, to testify that they seized marijuana from his truck.  We disagree.

The Government need not offer scientific experts to establish the chemical composition of a controlled substance.  See United Sates v. Uwaeme, 975 F.2d 1016, 1019-20 (4th Cir. 1992).  Rather, lay testimony can establish the illicit nature of a substance.  See, e.g., United States v. James, 40 F.3d 850, 869 (7th Cir. 1994).  In this case, the police officers offered testimony that the substance was marijuana based on their own observations as to the appearance, feel, smell, packaging and method of transport.  The district court did not abuse its discretion in admitting this lay testimony.

3.

Greenwood further maintains that the district court violated his Due Process and Confrontation Clause rights in permitting his trial to go forward after the Government destroyed all but about 540 pounds of the marijuana seized from his tractor-trailer.  To prevail on this claim, Greenwood must demonstrate that the destroyed evidence was exculpatory and that the Government acted in bad faith.  See, e.g., Arizona v. Youngblood, 488 U.S. 51 (1988).

The district court found no basis for concluding that the destroyed evidence could have been exculpatory or that in

5

destroying it, the Government acted in bad faith.  We agree.  As the district court noted, the only conceivable way for the destroyed bales to have been exculpatory would have been for Greenwood to demonstrate that they never existed or did not contain marijuana.  Greenwood failed to offer such evidence.  Moreover, the numerous photographs in the record and scientifically tested samples taken from each of the bales make such arguments untenable.[2]

4.

Finally, Greenwood argues that his sentence was "unlawfully determined."  We have carefully reviewed the record and find that the sentence accorded with United States v. Booker, 543 U.S. 220 (2005), and was entirely reasonable.[3]

---

[2]Greenwood seems to believe that the FBI's violations of 28 C.F.R. § 50.21 (by destroying the bales less than 60 days after seizure) conclusively establishes bad faith by the Government. Although this may provide "some evidence" of the Government's bad faith, it does not "in and of itself" establish bad faith.  See United States v. Deaner, 1 F.3d 192, 200 (3d Cir. 1993).

[3]Greenwood asserts that the inclusion of marijuana in the Schedule of Controlled Substances, see 21 U.S.C. § 812 (2006), violates the Constitution because some states recognize the legitimate use of marijuana for medical purposes.  Gonzales v. Raich, 545 U.S. 1, 27-28 (2005), renders that argument untenable. See U.S. Const. art. VI ("Supremacy Clause").

III.

For the foregoing reasons, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid in the decisional process.

AFFIRMED